1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   KIRK MONROE DAVIS,                    )   Case No.: 1:12-cv-00266-LJO-JLT
                                          )
12                Plaintiff,              )   ORDER GRANTING PETITIONER'S MOTION
                                          )   TO SUPPLEMENT OR AMEND PLEADINGS IN
13        v.                              )   CASE NO. 1:12-cv-00266-LJO-JLT WITH CLAIMS
                                          )   IN CASE NO. 1:12-cv-00625-JLT (Doc. 15)
14   P. D. BRAZELTON,                     )
                                          )
15                Defendant.              )   ORDER SUSPENDING BRIEFING SCHEDULE
                                          )   OF MARCH 1, 2012 (Doc. 9)
16                                        )
                                          )   ORDER ESTABLISHING BRIEFING SCHEDULE
17                                        )
                                          )
18   _____ )

19        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254.

21        On February 22, 2012, Petitioner filed the instant petition, challenging his 2001 conviction for

22   possession of a billy club, for which Petitioner was sentenced under California's Three Strikes Law,

23   using a 1978 conviction for rape and burglary as an enhancement.  On April 19, 2012, Petitioner filed

24   a separate petition in case no. 1:12-cv-00625-JLT, challenging Petitioner's 1978.

25        On March 1, 2012, the Court ordered Respondent to file a response to the petition in case no.

26   1:12-cv-00266-LJO-JLT within sixty days.  (Doc. 9)  On April 26, 2012, Petitioner filed a motion to

27   amend the instant petition or, alternatively, to supplement the petition with the claims raised in case

28   no. 1:12-cv-00625-JLT.  (Doc. 15)  Petitioner filed an identical motion in the later-filed case, making

                                          1

the identical request.  On April 30, 2012, Respondent filed a statement of non-opposition to the motion to amend and/or supplement pleadings.  (Doc. 16).  In Respondent's statement of non-opposition, Respondent requests that the Court suspend the briefing schedules in both cases until the issue of amendment or supplementation has been resolved by the Court.

DISCUSSION

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Here, no responsive pleading has been filed in either case; accordingly, Petitioner is free to amend his petition without leave of Court.

However, given the complexity involved in two pending petitions that relate to each other, the Court recognizes that, by filing identical motions to amend or supplement in both cases, Petitioner is essentially seeking to make the Court aware of the two pending cases and attempting to streamline what could, without further Court action, become a cumbersome, inefficient, and duplicative process.

Respondent has noted that Rule 2(e) of the Rules Governing Section 2254 Cases precludes filing a federal petition that combines challenges to two separate and distinct state court judgments.  (Doc. 16, p. 2).  The Court agrees with Respondent that, if the claims in the claims in the later-filed case are to be joined with those in the earlier-filed case, as Petitioner has requested, then the claims in case no. 1:12-cv-00625-JLT must be construed as challenging the *sentence* in Petitioner's 2001 conviction based on the purported illegality of Petitioner's 1978 conviction, rather than as a direct challenge to the earlier conviction itself.[1]  Given such a construction, and given the parties respective positions on the motion to amend, which appear to be in concert, the Court sees no reason for not granting said motion.  Consequently, the Court will vacate the scheduling order established by the Court's March 1, 2012 order, order that the claims raised in the instant petition be supplemented by

---

[1] Respondent's statement of non-opposition expressly does not waive any defenses Respondent may have to such claims.

1    the claims raised in case no. 1:12-cv-00625-JLT, and set a new briefing schedule, as described below.

2    The Court will address the motion to amend in case no. 1:12-cv-00625-JLT by separate order.

3                                                    <u>ORDER</u>

4          For the foregoing reasons, the Court HEREBY ORDERS as follows:

5      1.   Petitioner's motion to amend or supplement (Doc. 15), is GRANTED;

6      2.   The claims raised in the instant petition are HEREBY SUPPLEMENTED with the claims

7            raised in case no. 1:12-cv-00625-JLT;

8      3.   The scheduling order dated March 1, 2012 (Doc. 9), is VACATED; and the following

9            briefing schedule is hereby established:

10     I.    Respondent SHALL FILE a RESPONSE to the Petition, as supplemented by this

11           order,[2] within **SIXTY (60)** days of the date of service of this order.  <u>See</u> Rule 4, Rules

12           Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th

13           Cir. 1985)(court has discretion to fix time for filing a response).  A Response can be

14           made by filing one of the following:

15           A.  AN ANSWER addressing the merits of the Petition, including the claims contained

16               in the petition by supplementation pursuant to this order.  Respondent SHALL

17               INCLUDE with the Answer any and all transcripts or other documents necessary

18               for the resolution of the issues presented in the Petition.  <u>See</u> Rule 5, Rules

19               Governing Section 2254 Cases.  Any argument by Respondent that Petitioner has

20               *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also

21               address the merits of the claim asserted.

22           B.  A MOTION TO DISMISS the Petition.  A Motion to Dismiss SHALL INCLUDE

23               copies of all Petitioner's state court filings and dispositive rulings.  <u>See</u> Rule 5,

24               Rules Governing Section 2254 Cases.[3]

---

26    [2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

27

28    [3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading…or to take other action the judge*

2.      If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30)** days of the date Respondent's Answer is filed with the Court.  If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3.      If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21)** days of the date Respondent's Motion is filed with the Court.  If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days.  Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7)** days after the Opposition is served.

4.      Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30)** days a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5.      The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his or her representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   __May 3, 2012__                    _____**/s/ Jennifer L. Thurston**_____
                                            UNITED STATES MAGISTRATE JUDGE

---

*may order.*"  Rule 4, Rules Governing 2254 Cases (emphasis added); <u>see also</u> Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989)(providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).